IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY LYNN,

        Plaintiff,                     No. CIV S-04-0543 LKK GGH P

    vs.

ARGO, et al.,

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        By <u>Order</u> filed on August 16, 2006, this court directed plaintiff to show cause, within thirty days, for his failure to file an opposition to defendants' summary judgment motion pending in this case[1] and to show cause why his failure to do so should not be deemed a waiver of opposition to the motion. In addition, plaintiff was cautioned that failure to comply with this order would result in a recommendation that this action be dismissed for plaintiff's failure to prosecute and/or for his failure to comply with court orders, pursuant to Fed. R. Civ. P. 41(b).

        The show cause order reminded plaintiff that, by order filed December 23, 2004, he had been advised of the requirements for filing an opposition to a motion for summary judgment under the Local Rules and cautioned that failure to comply with the Local Rules might

---

[1] Defendants' motion was originally filed on May 5, 2006, and re-served on June 12, 2006.

1

result in the imposition of sanctions.  Plaintiff was also informed that Local Rule 78-230(m) provides in part:  "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  He was explicitly admonished that Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Plaintiff has failed altogether to reply to the show cause order, which also noted that plaintiff had failed to file a pretrial statement, which had been due prior to the court's having vacated the pretrial conference in the show cause order.  Instead, an ex parte request, evidently filed by another inmate, Kenneth Aldhizer, seeks an extension of time on plaintiff's behalf for a response to the show cause order.  In addition to being untimely, even by application of the mailbox rule,[2] inmate Aldhizer is not a party to this action.  The basis for Aldhizer's request, not even submitted in the form of an affidavit or declaration signed under penalty of perjury, is that Aldhizer had drafted a response to the court's order, which he had brought, on September 21, 2006 (a point at which the response would have been untimely if filed at that time, see footnote 1), to a prison yard when a prison riot broke out between black and white inmates.  During the riot, inmate Aldhizer lost plaintiff's legal work.  According to Aldhizer, inmate Lynn was not even aware of these events because the two are not allowed contact.

As defendants argue in their objections to the request for an extension of time, inmate Aldhizer is in no position to bring a request on behalf of plaintiff.  He is neither counsel for plaintiff, nor a party to this action.  It is the responsibility of the plaintiff to prosecute this action on his own behalf; plaintiff may not abdicate this responsibility.  If he relies solely on another inmate to proceed for him and circumstances interfere, it is up to plaintiff, at a minimum, to seek any relief in the form of a time extension, etc.  More important, it is plaintiff's

---

[2] The request was filed in this court on September 27, 2006; by application of the mailbox rule, it was filed on September 22, 2006.  A response was due by September 15, 2006.

1  responsibility to, at the least, monitor the status of any response due from him.   The court cannot
2  consider the untimely and otherwise inapposite request for an extension of time.
3             As the thirty day period has expired, and plaintiff has not responded to the court's
4  order, the undersigned will now recommend that this action be dismissed for plaintiff's failure to
5  comply with court orders and for his failure to prosecute this action.

> "The authority of a federal trial court to dismiss a plaintiff's action
> with prejudice because of his failure to prosecute cannot seriously
> be doubted. The power to invoke this sanction is necessary in order
> to prevent undue delays in the disposition of pending cases and to
> avoid congestion in the calendars of the District Courts."

Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962); Plaut v. Spendthrift, 514 U.S. 211, 228, 115 S. Ct. 1447, 1457 (1995)("[t]he rules of finality, both statutory and judge made, treat," inter alia, dismissals "for failure to prosecute: as a judgment on the merits.").

            Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed. See Local Rule 11-110; Fed. R. Civ. P. 41(b).

            These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/23/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009 - lynn0543.fr

3